IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-164-BO

| | |
|---|---|
| JAMIE LEE MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ) | |
| OFFICER J. SITES, et al., ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge Robert T. Numbers, II. [DE 4]. On May 20, 2019, Judge Numbers recommended that plaintiff be permitted to proceed *in forma pauperis* but that her claims be dismissed. *Id.* Plaintiff has objected to the M&R and the matter is ripe for review. For the reasons that follow, the M&R is ADOPTED.

## BACKGROUND

In April 2019, plaintiff filed a *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915. [DE 1]. Plaintiff claims that defendants violated her Fourth, Fifth, and Fourteenth Amendments rights. In particular, she claims that defendant Blake Alan Pokopec falsely told police that plaintiff had stolen a 2004 Toyota Prius from him when, in fact, plaintiff had purchased the car from Pokopec. [DE 1-1, p. 5]. Plaintiff claims that although she had paperwork that would have proven that she'd purchased the car, defendant Sites arrested her anyway. *Id.* Plaintiff alleges that she "filed a formal complaint" with the Apex police department and then "filed a complaint with the Internal Affairs Section," but her appeals were ultimately unsuccessful. *Id.*

In May 2019, Judge Numbers entered the instant memorandum and recommendation (M&R), granting plaintiff's application to proceed *in forma pauperis* and recommending that plaintiff's claims be dismissed for failure to state a claim upon which relief can be granted. [DE 4]. Plaintiff has objected to the M&R, reiterating her belief that her constitutional rights were violated and arguing that dismissal would be premature. [DE 7].

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted). Here, the Court construes plaintiff's response as a timely, specific objection to the finding that she has not alleged sufficient facts to state a claim upon which relief can be granted.

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions

drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Plaintiff's claims can be separated into two groups. First, plaintiff's claims against the defendant officers must be dismissed. Plaintiff has sued each of the defendant officers in their *official*, rather than individual, capacities. As such, her claims against each officer are actually claims against the Town of Apex. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). In order to proceed under 42 U.S.C. § 1983 against a municipality like Apex, a plaintiff must demonstrate that the alleged constitutional injury is attributable to one of the munipality's official policies, procedures, or customs. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Plaintiff has not alleged that the defendant officers' alleged violations of her constitutional rights were the product of some official Apex policy, procedure, or custom. As such, plaintiff has not alleged sufficient facts to state a claim against the defendant officers, and her claims against each must be dismissed without prejudice.

Second, plaintiff's claims against defendant Pokopec must also be dismissed. To prevail on a § 1983 claim against an individual, a plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, there is no indication that Pokopec was acting under color of state law when he filed the police report against plaintiff. A private citizen does not become a state actor simply by filing a police report. *See, e.g., Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983 . . . ."). Because Pokopec was not a state actor, he may not be sued under § 1983, and plaintiff's claims against him must be dismissed.

The Court has reviewed the M&R and is satisfied that there is no clear error on the face of the record. Plaintiff has failed to allege sufficient facts to state a claim upon which relief can be granted under Rule 12(b)(6). Accordingly, the memorandum and recommendation is ADOPTED.

## CONCLUSION

The memorandum and recommendation of Magistrate Judge Numbers [DE 4] is ADOPTED and plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this 14 day of June, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE